IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shunna Lee Hsiao,<br><br>    Plaintiff,<br><br>v.<br><br>City of Columbia, *Water Division*,<br><br>    Defendant. | C/A No. 3:22-cv-717-JFA-PJG<br><br><br>**ORDER** |

### I. INTRODUCTION

Plaintiff Shunna Lee Hsiao, a self-represented litigant, filed this civil action for damages against the City of Columbia for problems related to her water meter and past water bills. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a Magistrate Judge for initial review.

After receiving and reviewing Plaintiff's initial pleadings, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report") and opines that this court lacks subject matter jurisdiction and therefore this action should be summarily dismissed without prejudice and issuance and service of process. (ECF No. 11). Plaintiff filed objections on March 21, 2022. (ECF No. 15). Thus, this matter is ripe for review.

### II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district

court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to

which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing herself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.   DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 11). In response to the Report, Plaintiff submitted a filing in which she reiterates her qualms with the City of Columbia's water division. (ECF No. 15). For instance, Plaintiff states that "Water Division is illegally only installed water meter in my house" and "I can not afford to pay others' water bills for the rest of my life." *Id.* These objections make no reference to the Report or otherwise address the conclusion that this court lacks subject matter jurisdiction. Accordingly, Plaintiff has failed to put forth any argument that, even when construed liberally, can reasonably be considered a specific objection.

In summation, the Plaintiff's filing fails to offer any specific reference to the Report which would allow the undersigned to focus on any issue, either factual or legal, with which Plaintiff feels has been reached in error. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007). Because Plaintiff has failed to offer any specific objections which would allow for a de novo review, the court is only required to review the Report for clear error and is not required to give an explanation for adopting the

recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Consequently, this court has reviewed the Report and finds no error which would warrant any further action or correction.

IV.     **CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates herein by reference. (ECF No. 11). Consequently, this action is summarily dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction.

IT IS SO ORDERED.

March 23, 2022                                           Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge